**JAMES BENEDETTO [SBN 259202]**
**BENEDETTO LAW GROUP**
2372 Morse Avenue, Suite 130
Irvine, California 92614
Telephone: 1-949-232-1982
Facsimile: 1-888-289-8548
Email: blg@outlook.co.th

Attorneys for Defendants Secure Channels, Inc., a California Corporation, Secured Channels Inc, a Delaware Corporation & Richard Blech, an Individual.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURE CHANNELS, INC., a California Corporation; SECURE CHANNELS INC., a Delaware Corporation; Richard Blech, an Individual,<br>**PLAINTIFFS**,<br><br>vs.<br><br>ADRIAN PLESHA, an Individual; ANTONELLI WOZNY PLESHA & CAMPA LLC, a Florida, Limited Liability Company and DOES 1 through 100, inclusive,<br>**DEFENDANTS**. | **CASE NO: 8:17-CV-1148**<br><br>**COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:**<br>**1. FRAUDULENT INDUCEMENT;**<br>**2. FRAUDULENT CONCEALMENT;**<br>**3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;**<br>**4. NEGLIGENT MISREPRESENTATION;**<br>**5. BREACH OF CONTRACT;**<br>**6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:

1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46

Comes now Plaintiffs Secure Channels Inc., a California Corporation, Secure Channels Inc., a Delaware Corporation and Richard Blech, an Individual ("PLAINTIFFS'), by and through their counsel of record herein, and for their Complaint against, and Does 1 through 100 inclusive, alleges as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## II. VENUE

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391, in that the defendants or their agents, or certain of them, reside or may be found here, a substantial part of the events giving rise to plaintiffs' claims occurred here, and the defendants transact business here.

## III. PARTIES

3. Plaintiff Secure Channels Inc., a California Corporation (hereinafter "SCIC") is incorporated in the state of California and its principal place of business is located in California.

4. Plaintiff Secure Channels Inc., a Delaware Corporation (hereinafter "SCID") is incorporated in the state of Delaware and its principal place of business is located in California.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 2

5. Plaintiff Richard Blech, an individual (hereinafter "BLECH") is a citizen of California. BLECH is the President & CEO of SCIC and SCID.

6. Defendant Adrian Plesha (hereinafter "PLESHA") is, upon information and belief, a citizen of Florida who resides at 1504 Bay Road, Apartment 1517, Miami Beach, Florida and is a Partner & Senior Vice President Governmental Affairs of Antonelli Wosny Plesha & Campa LLC. Plaintiff is informed and believes, and thereupon alleges, that PLESHA does substantial, continuous and systematic business in the State of California and in this judicial district.

7. Defendant Antonelli Wozny Plesha & Campa LLC (hereinafter "AWPC") is a Florida limited liability company with its principal place of business either in Florida or Washington, D.C. AWPC purports to be a lobbying company. Plaintiff is informed and believes, and thereupon alleges, that AWPC does substantial, continuous and systematic business in the State of California and in this judicial district.

8. The true names, conduct and capacities of Defendants sued as Does 1 through 100, inclusive, are presently unknown to Plaintiffs who, therefore, sues these Defendants by such fictitious names. Plaintiff will include these Doe Defendants' true names and capacities when they are ascertained. Each of the fictitiously named Defendants is responsible in some manner,

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 3

including, *inter alia*, as contributory infringers, aiders and abettors, co-conspirators, and/or agents for the conduct alleged herein and for the injuries suffered by Plaintiff.

9. Plaintiff is informed and believes, and thereupon alleges that, at all times mentioned herein, each and every Defendant was an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant, and in doing the things alleged herein, each and every Defendant was acting pursuant to such conspiracy and/or within the course and scope of such agency, representation, affiliation, control or employment and was acting with the consent, permission and authorization of the other Defendants (except where otherwise noted). Plaintiff is further informed and believes, and thereupon alleges, that each Defendant who joined a conspiracy after its formation ratified, adopted and is liable for all acts committed in furtherance of the conspiracy including those committed before such Defendant joined the conspiracy.

10. Whenever this Complaint refers to any act or acts of a Defendant, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, controlling companies or agents of the responsible Defendants authorized such act while actively engaged in the management, direction or control of the affairs of Defendant, and each of them, and/or by persons who are the alter ego of Defendants, or while acting within the scope of their agency,

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 4

affiliation, control or employment. Whenever this Complaint refers to any acts of the Defendants, the reference shall be deemed to be the act of each defendant, jointly and severally.

## IV. STATEMENT OF FACTS

11. On or about October of 2014 Ross Harris (hereinafter "HARRIS"), Director of Sales for SCIC & SCID had a conversation with his neighbor Defendant Adrian Plesha. During the conversation PLESHA inquired as to what HARRIS did for work. HARRIS replied that he was Director of Sales for a Cyber security firm. PLESHA then replied that he was a lobbyist. PLESHA then stated that he could make SCIC "a lot of money." PLESHA stated that he had connections to Congressman and if SCIC would give perks to government officials then PLESHA could get them access to government contracts that would be worth millions of dollars to SCIC. PLESHA insisted that there was a "pay to play" game in Washington and everything was legal because PLESHA was a lobbyist. PLESHA stated that he attained access to government contracts for many other companies. For example, one company PLESHA mentioned was Sunflower Wind.

12. On or about December 22, 2014 PLESHA met with BLECH to discuss what PLESHA could do for SCIC. PLESHA then repeated all of the facts he stated to Ross Harris in October of 2014. PLESHA stated he was a lobbyist. PLESHA stated his lobbying firm was Antonelli Wozny Plesha & Campa LLC. PLESHA indicated that he was a partner in the firm.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 5

PLESHA then stated that he could make SCIC "a lot of money." PLESHA stated that he had connections to Congressman and if SCIC would give perks to government officials then PLESHA could get them access to government contracts that would be worth millions of dollars to SCIC. PLESHA stated that the perks could be real property, money, gifts or anything of monetary value. PLESHA insisted that there was a "pay to play" game in Washington and everything was legal because PLESHA was a lobbyist. PLESHA stated that he attained access to government contracts for many other companies through the "pay to play" scheme. For example, one company PLESHA mentioned was Sunflower Wind. This meeting was attended by BLECH and Dee Murphy, Chief Brand Officer of SCIC & SCID (hereinafter "MURPHY"). In addition, HARRIS attended part of the meeting.

13. On or about December 22, 2014, after the above referenced meeting PLESHA sent an email (EXHIBIT 1) to BLECH which offered a one-year agreement beginning January 1, 2015 for a fee of $7,000 per month. Also, $2,000 of the $7,000 monthly fee could be in some form of company equity.

14. On or about December 22, 2014 BLECH responded to the offer by email (Exhibit 2) stating that the proposal was acceptable with the contingency that BLECH would have to work with legal counsel to structure the equity piece and put together the formal agreement.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 6

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Fraudulent Inducement)

(Against all Defendants)

15. Plaintiffs incorporate by reference paragraphs 1 through 14, inclusive, of the Complaint as if fully set forth herein.

16. Defendant PLESHA, acting as an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant made several material representations.

a. PLESHA stated that he was a lobbyist in the firm Antonelli Wozny Plesha & Campa LLC.

b. PLESHA was a partner in AWPC.

c. PLESHA stated that he could make SCIC "a lot of money."

d. PLESHA stated that he had connections to Congressman.

e. If SCIC would give perks to government officials then PLESHA could get them access to government contracts that would be worth millions of dollars to SCIC.

f. PLESHA insisted that there was a "pay to play" game in Washington and everything was legal because PLESHA was a lobbyist.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 7

    g. PLESHA stated that he attained access to government contracts for many other companies.

h. PLESHA stated that he had attained government contracts for Sunflower Wind.

17. All of the above representations, upon information and belief are false.

a. AWPC was not registered in Washington D.C.

b. AWPC was not an active LLC in Florida.

c. PLESHA was not a partner in AWPC, he was the sole managing member (Exhibit 3).

d. AWPC never performed any lobbying work.

e. PLESHA had no more connections to any members of Congress because of his criminal convictions.

f. PLESHA had no way to attain government contracts for SCIC.

g. There was no "pay to play" or legal bribery that would allow SCIC to receive government contracts.

h. PLESHA had not obtained government contracts for other companies through this "pay to play" scheme.

i. PLESHA had not obtained government contracts for Sunflower Wind through this "pay to play" scheme.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 8

j. PLESHA pled guilty to felony charges of violating the Federal Election Campaign Act and lying to the FEC.

18. Defendant PLESHA knew that the representations were false.

a. PLESHA knew the requirements of registering AWPC because in 2011 the company was registered as a Florida LLC, (Exhibit 3). However, the company was not registered at the time he represented that AWPC would perform lobbying work.

b. PLESHA knew he was not a partner in AWPC, because he knew he was the sole managing member (Exhibit 3).

c. PLESHA knew he had no way to make SCIC any money because of his criminal convictions could not perform lobbying work.

d. PLESHA knew he had no more connections to any members of Congress because of his criminal convictions.

e. PLESHA knew he had no way to attain government contracts for SCIC.

f. PLESHA knew that there was no "pay to play" or legal bribery that would allow for SCIC receiving government contracts.

g. PLESHA knew that he had not obtained government contracts for other companies through this "pay to play" scheme.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 9

      h. PLESHA knew that he had not obtained government contracts for Sunflower Wind through this "pay to play" scheme.

19. Defendant PLESHA, acting as an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant made the false representations with the express purpose and intent to defraud and induce SCIC through its President & CEO BLECH to act on the offer made to perform lobbying services.

20. At the time, the PLAINTIFFS acted PLAINTIFFS did not know the representations were false and believed they were true. SCIC through its President & CEO BLECH acted in justifiable reliance of the false information by sending an email coming to an agreement in principle (Exhibit 2).

21. As a direct and proximate result thereof, PLAINTIFFS were damaged.

22. As a result of their conduct, defendants are liable to PLAINTIFFS for punitive damages

## SECOND CAUSE OF ACTION

(Fraudulent Concealment)

23. Plaintiffs incorporate by reference paragraphs 1 through 22, inclusive, of the Complaint as if fully set forth herein.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 10

24.     Defendant PLESHA, acting as an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant concealed several material representations.

    a. PLESHA stated that he was a lobbyist in the firm Antonelli Wozny Plesha & Campa LLC.

    b. PLESHA stated he was a partner in AWPC.

    c. PLESHA stated that he could make SCIC "a lot of money."

    d. PLESHA stated that he had connections to Congressman.

    e. PLESHA stated that if SCIC would give perks to government officials then PLESHA could get them access to government contracts that would be worth millions of dollars to SCIC.

    f. PLESHA stated that there was a "pay to play" game in Washington and everything was legal because PLESHA was a lobbyist.

    g. PLESHA stated that he attained access to government contracts for many other companies.

    h. PLESHA stated that he had attained government contracts for Sunflower Wind.

    i. PLESHA concealed that he had pleaded guilty to making false statements to the Federal Election Commission. (hereinafter "FEC").

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46   11

25. All of the above representations, upon information and belief were false and concealed. Defendants were bound to disclose the true and additional material facts. Namely that:

a. AWPC was not registered in Washington D.C.

b. AWPC was not an active LLC in Florida.

c. AWPC never performed any lobbying work.

d. PLESHA pled guilty to felony charges of violating the Federal Election Campaign Act and lying to the FEC.

e. PLESHA had no way to attain government contracts for SCIC.

f. PLESHA knew that there was no "pay to play" or legal bribery that would allow for SCIC receiving government contracts.

g. PLESHA had not obtained government contracts for other companies through this "pay to play" scheme.

h. PLESHA had not obtained government contracts for Sunflower Wind through this "pay to play" scheme.

i. PLESHA concealed that he had pleaded guilty to making false statements to the Federal Election Commission. (hereinafter "FEC") which is related to his lobbying efforts.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46   12

26. Defendant PLESHA, acting as an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant concealed or suppressed material facts with the express purpose and intent to defraud and induce SCIC through its President & CEO BLECH to act on the offer made to perform lobbying services.

27. At the time, the PLAINTIFFS acted PLAINTIFFS did not know the material facts were concealed or suppressed. SCIC through its President & CEO BLECH would not have taken the action of sending an email coming to an agreement in principle (Exhibit 2).

28. As a direct and proximate result thereof, PLAINTIFFS were damaged.

29. As a result of their conduct, defendants are liable to PLAINTIFFS for punitive damages.

**THIRD CAUSE OF ACTION**

(Fraud Promise Without Intent to Perform)

(Against all Defendants)

30. Plaintiffs incorporate by reference paragraphs 1 through 29, inclusive, of the Complaint as if fully set forth herein.

31. Defendant PLESHA, acting as an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other promised to:

a. PLESHA stated that he could make SCIC "a lot of money."

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 13

   b. If SCIC would give perks to government officials then PLESHA could get them access to government contracts that would be worth millions of dollars to SCIC.

   c. PLESHA insisted that there was a "pay to play" game in Washington and everything was legal because PLESHA was a lobbyist.

32. PLESHSA promise without any intention of performance was made with the intent to defraud and induce PLAINTIFFS to rely upon it and to act to enter into a contract with DEFENDANTS. At the time PLAINTIFFS acted, PLAINTIFFS were unaware of Defendants intention not to perform the promise. PLAINTIFFS acted in justifiable reliance upon the promise. Specifically:

   a. PLESHA could not perform the promise of making SCIC a lot of money because he was a convicted felon who would be unable to perform lobbying services for PLAINTIFFS.

   b. AWPC could not perform any lobbying for PLAINTIFFS because AWPC was inactive in Florida since September of 2014 (Exhibit 3).

   c. AWPC was never registered in Washington D.C.

   d. As further evidence of Defendants' intention not to perform their promise Defendants failed to register SCIC with the Clerk of the House of Representatives and the Secretary of the Senate as required by the The Lobbying Disclosure Act

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46   14

of 1995 (2 U.S.C. §1601) although PLESHA claimed to have performed lobbying activities for SCIC. PLESHA knew of this federal law because he previously registered other companies that he purported to lobby for (Exhibit 4).

33. In justifiable reliance upon PLESHA'S conduct PLAINTIFFS were induced to enter into a contract.

34. As a direct and proximate result thereof, PLAINTIFFS were damaged.

35. As a result of their conduct, defendants are liable to PLAINTIFFS for punitive.

**FOURTH CAUSE OF ACTION**

(Negligent Misrepresentation)

(Against all Defendants)

36. PLAINTIFFS incorporate by reference paragraphs 1 through 35, inclusive, of the Complaint as if fully set forth herein.

37. Defendants, in the course of its business, supplied material false information and material omissions to PLAINTIFFS, defendants had no reasonable ground for believing them to be true including:

a. PLESHA stated that he was a lobbyist in the firm Antonelli Wozny Plesha & Campa LLC.

b. PLESHA stated he was a partner in AWPC.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 15

    c. PLESHA stated that he could make SCIC "a lot of money."

d. PLESHA stated that he had connections to Congressman.

e. PLESHA stated that if SCIC would give perks to government officials then PLESHA could get them access to government contracts that would be worth millions of dollars to SCIC.

f. PLESHA stated that there was a "pay to play" game in Washington and everything was legal because PLESHA was a lobbyist.

g. PLESHA stated that he attained access to government contracts for many other companies.

h. PLESHA stated that he had attained government contracts for Sunflower Wind.

i. PLESHA concealed that he had pleaded guilty to making false statements to the Federal Election Commission. (hereinafter "FEC").

38. PLAINTIFFS reasonably relied to its detriment on these statements in entering into a agreement.

39. As a direct and proximate result thereof, PLAINTIFFS were harmed by defendants' negligent misrepresentations and omissions.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 16

**FIFTH CAUSE OF ACTION**

(Breach of Contract)

(Against all Defendants)

40. Plaintiffs incorporate by reference paragraphs 1 through 39, inclusive, of the Complaint as if fully set forth herein.

41. SCIC and defendants entered into a proposed agreement whereby defendants were to perform lobbying for SCIC and SCIC were to pay $7,000 per month for one year.

42. Defendants breached the agreement with PLAINTIFFS by failing to perform any lobbying work.

43. As a direct and proximate result thereof, PLAINTIFFS were damaged.

**SIXTH CAUSE OF ACTION**

(Slander per se California Civil Code § 46)

(Against all Defendants)

44. PLAINTIFFS incorporate by reference paragraphs 1 through 43, inclusive, of the Complaint as if fully set forth herein.

45. PLAINTIFFS are informed and believes that on or about February of 2015 at or around 150 Cleo Street, Laguna Beach, California PLESHA made the following defamatory

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46    17

statement about, of and concerning PLAINTIFFS that PLAINTIFFS are reneging on an agreement and PLAINTIFFS do not pay their bills. PLESHA made the statement to HARRIS.

46. HARRIS reasonably understood the statement referred to PLAINTIFFS and reasonably understood them to mean that PLAINTIFFS were either insolvent or untrustworthy.

47. The aforesaid defamatory statement made allegedly by PLESHA was and is false and not privileged. PLESHA made this statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

48. PLESHA made the statement with malice and with the intent to injure PLAINTIFFS' good name and reputation and to interfere with their employment in that PLESHA harbored ill-will toward PLAINTIFFS.

49. The statement harmed PLAINTIFFS reputation, such a statement has a tendency to injure and has injured PLAINTIFFS in their occupation, their future business and employment prospects have been harmed.

50. As a direct and proximate result thereof, PLAINTIFFS were damaged.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 18

## VI. REQUEST FOR RELIEF

WHEREFORE, PLAINTIFFS demand judgment against defendants, jointly and severally, as follows:

1. For a declaratory judgment that the agreement was induced by fraud and is therefore voidable at the option of PLAINTIFFS;

2. Enter judgment in their favor and against all defendants on all Counts of the Complaint;

3. For actual damages, according to proof at trial,

4. For punitive damages against defendants in whatever amount, exclusive of costs and interest, that PLAINTIFFS are found to be entitled;

5. Award PLAINTIFFS their attorneys' fees, costs, and pre-and post-judgment interest;

and

6. Grant such further relief as this court deems just and proper.

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:
1. FRAUDULENT INDUCEMENT;
2. FRAUDULENT CONCEALMENT;
3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;
4. NEGLIGENT MISREPRESENTATION;
5. BREACH OF CONTRACT;
6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 19

## VII. DEMAND FOR JURY TRIAL

PLAINTIFFS hereby request a jury trial on all issues raised in this complaint.

Dated: June 30, 2017

**BENEDETTO LAW GROUP**

By ______________________

**JAMES BENEDETTO**
Attorney for PLAINTIFFS

COMPLAINT OF SECURE CHANNELS INC, A CALIFORNIA CORPORATION; SECURE CHANNELS INC., A DELAWARE CORPORATION; AND RICHARD BLECH, AN INDIVIDUAL FOR:

1. FRAUDULENT INDUCEMENT;

2. FRAUDULENT CONCEALMENT;

3. FRAUDULENT PROMISE WITHOUT INTENT TO PERFORM;

4. NEGLIGENT MISREPRESENTATION;

5. BREACH OF CONTRACT;

6. SLANDER PER SE CALIFORNIA CIVIL CODE § 46 20