**JAMES BENEDETTO [SBN 259202]**
**BENEDETTO LAW GROUP**
2372 Morse Avenue, Suite 130
Irvine, California 92614
Telephone: 1-949-232-1982
Facsimile: 1-888-289-8548
Email: blg@outlook.co.th

Attorneys for Defendants Secure Channels, Inc., a California Corporation, Secured Channels Inc, a Delaware Corporation & Richard Blech, an Individual.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURE CHANNELS, INC., a California Corporation; SECURE CHANNELS INC., a Delaware Corporation; Richard Blech, an Individual,<br>    **PLAINTIFFS**,<br><br>      vs.<br><br>ADRIAN PLESHA, an Individual; ANTONELLI WOZNY PLESHA & CAMPA LLC, a Florida, Limited Liability Company and DOES 1 through 100, inclusive,<br>    **DEFENDANTS**. | **CASE NO: 8:17-CV-1148**<br>The Hon. James V. Selma<br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>**JURY TRIAL DEMANDED**<br><br>Hearing Date: January 29, 2018<br>Time: 1:30 p.m.<br>Courtroom: 10C |

Plaintiffs respectfully submit this Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………2

TABLE OF AUTHORITIES……………………………………………3

II. ARGUMENT……………………………………………………6

    A. APPLICABLE LEGAL STANDARDS………………………………6

    B. DEFENDANTS MOTION IS MOOT……………………………7

    C. DEFENDANTS FAILED TO FOLLOW LR 7-3…………………….....7

    D. THE SETTLEMENT AGREEMENT DOES NOT BAR CLAIMS……..7

    E. CLAIMS NOT BARRED BY RES JUDICATA…………………….8

    F. CLAIMS NOT BARRED BY ISSUE PRECLUSION…………………10

    G. CCCP § 426.30 ESTABLISHED NO COMPULSORY

COUNTERCLAIM…………………………………………………11

    H. STATE COURT VERDICT DOES NOT BAR THIS SUIT…………...11

    I. FALSE STATEMENTS BY DEFENDANTS…………………………...14

    J. REQUEST FOR FEES SHOULD BE DENIED………………………...15

III. CONCLUSION……………………………………………………15

    CERTIFICATE OF SERVICE………………………………………17

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)…………………………………………………6,7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………6,7

*City of Covington v. First National Bank*, 198 U. S. 100 (1905)…………………….................12

*DKN Holdings LLC v. Wade Farber* 189 Cal.Rptr.3d 809…………………………………8,10,11

In re Crow (1971) 4 Cal.3d 613………………………………………………………....8

*Lucido v. Superior Court* (1990) 51 Cal.3d 335 [272 Cal.Rptr. 767, P.2d 1223]……………….11

*Migra v. Warren City School District Board of Education et al.,* 465 U.S. 75 (1984)……..…...12

*Mycogen Corp. v. Monsanto Co.,* 123 Cal.Rptr.2d 432 51 P. 3d 397 (2002)……………….8,9

*Navarro v. Block,* 250 F.3d 729, (9th Cir. 2001)……………………………………........6

*Oklahoma Packing Co. v. Oklahoma Gas & Electric Co*., 309 U. S. 4, (1940)…………….....12

*Osumi v. Sutton*, 60 Cal. Rptr. 3d 693…………………………………………………8

*Plesha v. Blech: Orange County Superior Court Case:* 30-2016-00831590-CU-BC-CJC...9,10,15

*Shroyer v. New Cingular Wireless Sers., Inc.,* 622 F.3d 1035, (9th Cir. 2010)………………...6

*Slather v. Blackwood,* 15 Cal.3d 791, (1975)………....……………………………….....9

*Transamerica Occidental Life Ins. V. Aviation Office of Am.,* 292, F.3d 384, (3d Cir. 2002)…..12

*Union & Planters' Bank v. Memphis,* 189 U.S. 71, (1903)………………………………...12

*Williams v. Gerber Prods. Co.,* 552 F.3d 934, (9th Cir. 2008)…………………………….6

*Wright v. Georgia Railroad & Banking Co*., 216 U. S. 420, (1910)……………………12.

**Rules**

California Code of Civil Procedure § 426.30………………………………………6,12,14

California Central District Local Rule 7-3……………………………………………..7

Federal Rules of Civil Procedure 12(b)(6)………………………………………1,6,7,8,14,15

Federal Rules of Civil Procedure 13(a)…………………………………………6,13,14

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

3

Plaintiffs, Secure Channels, Inc., a California Corporation; Secure Channels, Inc., a Delaware Corporation; Richard Blech, an Individual (collectively, "Plaintiffs") have plead sufficient facts to state a claim under all the causes of action pled in the First Amended Complaint (hereinafter "FAC"). For the reasons set forth below, Plaintiffs request this Court to deny the Motion to Dismiss Plaintiffs' First Amended Complaint in its entirety.

Plaintiffs filed its Complaint July 6, 2017. On August 6, 2017 Plaintiffs' filed a First Amended Complaint.

Plaintiffs' FAC alleges that Defendant Plesha made the following false statements on his behalf as an individual and on behalf of Antonelli Wozny, Plesha & Campa LLC:

- PLESHA stated that he was a lobbyist in the firm Antonelli Wozny Plesha & Campa LLC;

- That Plesha was a partner in the firm of Antonelli Wozny Plesha & Campa;

- That Plesha could make Plaintiffs "a lot of money";

- That he had connections to Congressman;

- That if Plaintiffs would give perks to government officials then Defendants could get them access to government contracts worth millions of dollars to Plaintiffs;

- That there was a "pay to play" game in Washington and everything was legal because Defendants were lobbyists;

- That Defendants attained access to government contracts for many other companies;

- That Defendants had attained government contracts for Sunflower Wind;

- That Defendants knew that the representations were false;

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

4

- That Plaintiffs did not know the representations were false and believed them to be true;

- Plaintiffs acted in justifiable reliance;

- That as a direct and proximate result of the conduct, Plaintiffs were harmed;

- All of the above representations, upon information and belief are false;

- Defendant PLESHA knew that the representations were false;

- Defendant PLESHA, acting as an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant made the false representations with the express purpose and intent to defraud and induce SCIC through its President & CEO BLECH to act on the offer made to perform lobbying services;

- At the time, the PLAINTIFFS acted PLAINTIFFS did not know the representations were false and believed they were true. SCIC through its President & CEO BLECH acted in justifiable reliance of the false information by sending an email coming to an agreement in principle;

- As a direct and proximate result thereof, PLAINTIFFS were damaged;

- As a result of their conduct, defendants are liable to PLAINTIFFS for punitive damages.

The FAC contains all this and more in page after page of detailed allegations. Under any reading of the applicable standard requiring particularity, Plaintiffs meets and exceeds their pleading allegations.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

Nevertheless, Defendants have moved to dismiss this FAC, claiming that the FAC complaint should be barred by a duly executed settlement agreement and the claims in the FAC have been rejected by a jury verdict in favor of defendant in state court.

To support its argument, Defendants ignores the legal standard governing 12(b)(6) Motions to Dismiss for failing to state a claim, quotes selectively and incorrectly from the prior state court case, and disregards inconvenient facts. In addition, Defendants incorrectly use Federal Rule of Civil Procedure 13(a) in their principal analysis instead of California Code of Civil Procedure § 426.30. Further, it resorts to smearing Plaintiffs by making blatant and groundless accusations about them.

## II. ARGUMENT

### A. APPLICABLE LEGAL STANDARDS

In seeking a dismissal for failure to state a claim pursuant to Rule 12(b)(6), the Plaintiffs bear a heavy burden. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Sers., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001)). In following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citation omitted). "All allegations of material fact in the complaint are taken as true and construed in the light mist favorable to the plaintiff." *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 937 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

6

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with a defendant's liability." *Id.*

In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964).

**B. THE DEFENDANTS MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) IS MOOT BECAUSE DEFENDANTS FILED A FIRST AMENDED COMPLAINT**

Plaintiffs filed its Complaint July 6, 2017. On August 6, 2017 Plaintiffs' filed a First Amended Complaint. Therefore, this motion is moot and should be denied.

**C. DEFENDANTS FAILED TO FOLLOW LOCAL RULE 7-3**

Defendants contend that Plaintiffs' counsel has failed to respond to multiple attempts to schedule this required conference. Defendants attempt to mislead the court with this statement. Plaintiffs' counsel has never received a telephone call, email, fax or any communication from Defendants prior to them filing this motion except the motion and amended motion by U.S. mail. This statement is an attempt to circumvent Local Rule 7-3. Upon my information and belief, it is a false statement designed to mislead the court. On the basis that the Court previously warned Defendants about this rule and Defendants have chosen not to follow it this motion should be denied.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

**D. THE JULY 2, 2015 PURPORTED SETTLEMENT AGREEMENT DOES NOT BAR PLAINTIFFS CLAIMS**

Defendants contend that the purported settlement agreement dated July 2, 2015 prevents Plaintiffs from asserting this lawsuit. However, they cite no case law or statutory law to support that position. Defendants rely on *Osumi v. Sutton*, 60 Cal. Rptr. 3d 693, 696 for the proposition that settlement agreements are enforceable. No evidentiary support is provided that even if a valid settlement agreement was in place that Plaintiffs are barred from filing this lawsuit. Contrary to what Defendants assert that proposition does not end the discussion. (Defendants Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP(12)(B)(6) Page 3 Line 26.)

**E. PLAINTIFFS CLAIMS ARE NOT BARRED BY RES JUDICATA OR CLAIM PRECLUSION**

Claim preclusion "prevents relitigating of the same cause of action in a second suit between the same parties or parties in privity with them." *DKN Holdings LLC v. Wade Farber* 189 Cal.Rptr.3d 809, 825. (*Mycogen Corporation v. Monsanto Company* 28 Cal.4th 888, 896 (2002).) Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. (Ibid.; In re Crow (1971) 4 Cal.3d 613, 622 [94 Cal.Rptr. 254, 483 P.2d 1206]; Teitelbaum Furs, supra, 58 Cal.2d at p. 604.)

Here, each element is not present. First, the causes of action are not the same; Second, the parties are not the same; Third, there is not a final judgment on the merits in the first suit.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

8

Defendants, also, rely on *Slather v. Blackwood,* 15 Cal.3d 791, 795 (1975) for the proposition that "In California, 'A valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action.'" However, there is no final judgment on the merits in favor of a defendant in this case. First, there was never a fraud cause of action brought by any party in the prior lawsuit. Second, there was never a slander cause of action brought by any party in the prior lawsuit. Third, there was never a Breach of Contract claim litigated on let alone, a final judgement on the merits in favor of any party. The only claim a jury reached a verdict on against any of the Plaintiffs was a verdict in favor of Defendant Plesha, an Individual on the breach of settlement agreement against Richard Blech, an Individual. (Exhibit A Page 1-3) Also, conversely, the Jury reached a verdict in favor of Defendant, Secure Channels, Inc., a California Corporation in the same state court case. (Exhibit A Page 2 Line 22). Additionally, the parties are different because Antonelli Wozny Plesha & Campa, LLC, a Florida Limited Liability Company was not a party to the prior lawsuit. (*Adrian Plesha v. Secure Channels, Inc. & Richard Blech, Orange County Superior Court Case:* 30-2016-00831590-CU-BC-CJC.) For all of those reasons this lawsuit is not barred by res judicata.

In addition, Defendants rely on *Mycogen Corp. v. Monsanto Co.,* 123 Cal.Rptr.2d 432, 444, 51 P. 3d 397 (2002) for the proposition that even where there are multiple legal theories upon which recovery might be predicated, one injury give rise to only one claim for relief. However, Defendants confuse the injury to which Plaintiffs base their FAC. The FAC complaint is based on specific facts that occurred before the alleged settlement agreement was entered into. Each cause of action in the FAC does not implicate the settlement agreement. In fact, most if not all of the fraud had already been uncovered prior to the alleged execution of the settlement

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

9

agreement. (*Adrian Plesha v. Secure Channels, Inc. & Richard Blech, Orange County Superior Court Case:* 30-2016-00831590-CU-BC-CJC). A Jury reached a verdict deciding only the cause of action for Breach of the Settlement Agreement with respect to Secure Channels, Inc. a California Corporation and Richard Blech, an Individual. Mr. Plesha decided against allowing the jury to decide the breach of contract cause of action in his complaint. The jury did not decide the validity of the underlying alleged contract and fraudulent conduct. The Jury Verdict did not address the same injury that the Plaintiffs FAC alleges. The FAC deals with the harm that occurred prior to the alleged execution of the settlement agreement. Therefore, the injury in the FAC were not actually litigated and determined in the first action. Thus, res judicata does not apply to this case. In addition, the Jury rendered their verdict on November 2, 2017, while this lawsuit was filed on August 6, 2017 long before the previous lawsuit's verdict was entered. Therefore, no final judgment had been entered at the time of filing this lawsuit and all the case cited by Defendants do not apply to this fact pattern. Additionally, no final judgement has been entered as of the date of filing this opposition.

### F. THIS LAWSUIT IS NOT BARRED BY ISSUE PRECLUSION OR COLLATERAL ESTOPPEL

Issue preclusion or collateral estoppel are quite different from res judicata or claim preclusion. Issue preclusion prohibits the relitigating of issues argued and decided in a previous case, even if the second suit raises different causes of action. *DKN Holdings LLC v. Wade Farber* 189 Cal.Rptr.3d 809, 824. (*Mycogen*, supra, 28 Cal.4th at p. 896.) Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action. *DKN Holdings LLC v. Wade Farber* 189 Cal.Rptr.3d 809, 824. (Boeken, supra,

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

10

48 Cal.4th at p. 797.) There is a limit to the reach of issue preclusion, however. In accordance with due process, it can be asserted only against a party to the first lawsuit, or one in privity with a party. *DKN Holdings LLC v. Wade Farber* 189 Cal.Rptr.3d 809, 825. Issue preclusion differs from claim preclusion in two ways. First, issue preclusion does not bar entire causes of action. Instead, it prevents relitigating previously decided issues. Second, unlike claim preclusion, issue preclusion can be raised by one who was not a party or privy in the first suit. *Id at 824-825.* "Only the party against whom the doctrine is invoked must be bound by the prior proceeding. In summary, issue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 [272 Cal.Rptr. 767, 795 P.2d 1223]; *Vandenberg*, at p. 828; Teitelbaum Furs, supra, 58 Cal.2d at p. 604.)

Here, the issue of fraud prior to the settlement agreement was not litigated. Additionally, the cause of action of slander was never litigated. Also, Antonelli Wozny Plesha & Campa LLC was not a party to the prior lawsuit. Therefore, collateral estoppel or claim preclusion does not bar the Plaintiffs' FAC.

**G. FRCP 13(a) DOES NOT APPLY IN THIS CASE BECAUSE THE COURT SHOULD APPLY CCCP § 426.30 WHICH CLEARLY ESTABLISHES THAT THIS CASE WAS NOT A COMPULSORY COUNTERCLAIM AT THE TIME OF FILING THIS LAWSUIT**

Under *Migra v. Warren City School District Board of Education et al.*, 465 U.S. 75, 85 (1984) the Court held that a "petitioner's state-court judgment in this litigation has the same

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

11

claim preclusive effect in federal court that the judgment would have in Ohio state courts." Also,

that "preclusion must be determined under state law, even if there would be preclusion under

federal standards." *Id. at* 85. Further, the Court went on to state that "In *Union & Planters' Bank*

*v. Memphis,* 189 U.S. 71,75 (1903) this Court held that a federal court 'can accord [a state

judgment] no greater efficacy' than would the judgment-rendering State." Additionally, "that

holding has been adhered to on at least three occasions since that time. *Oklahoma Packing Co.*

*v. Oklahoma Gas & Electric Co*., 309 U. S. 4, 7-8 (1940); *Wright v. Georgia Railroad &*

*Banking Co*., 216 U. S. 420, 429 (1910); *City of Covington v. First National Bank*, 198 U. S.

100, 107-109 (1905)." "The Court is thus justified in this case to rule that preclusion must be

determined under state law, even if there would be preclusion under federal standards." *Migra v.*

*Warren City School District Board of Education et al.*,465 U.S. 75, 88 (1984).

Therefore, the relevant statute is <u>California Code of Civil Procedure</u> § 426.30:

> 426.30. (a) Except as otherwise provided by statute, if a party
> against whom a complaint has been filed and served fails to allege in
> a cross-complaint any related cause of action which (at the time of
> serving his answer to the complaint) he has against the plaintiff,
> such party may not thereafter in any other action assert against the
> plaintiff the related cause of action not pleaded.
> (b) This section does not apply if either of the following are
> established:
> (1) The court in which the action is pending does not have
> jurisdiction to render a personal judgment against the person who
> failed to plead the related cause of action.
> (2) The person who failed to plead the related cause of action did
> not file an answer to the complaint against him.

The FAC was filed on August 6, 2017. Secure Channels Inc., a California Corporation

and Richard Blech, an Individual filed and served Answer to the Complaint on October 24, 2017.

In addition, an Answer was never filed by Secure Channels Inc., a Delaware Corporation. Thus,

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

looking at the plain language of the statute if a party fails to allege in a cross-complaint at the time of serving his answer a party may not thereafter bring in another action in a related cause of action. Accordingly, no action could have been brought after October 24, 2017 on behalf of Secure Channels, Inc. a California Corporation and Richard Blech, an Individual.

Here, if claim preclusion occurred it occurred on October 24, 2017 at the time the Answer to the Complaint in the State court case was served. Therefore, because this case was filed on August 6, 2017 no claim preclusion could have occurred because no answer was served on August 6, 2017. In addition, California Code of Civil Procedure § 426.30 (b)(2) specifically excludes claim preclusion when "[t]he person who failed to plead the related cause of action did not serve an answer to the complaint against him." CCP § 426.30 (b)(2). Thus, at the time of filing this FAC there was no claim preclusion against Secure Channels, Inc., a California Corporation and Richard Blech, an Individual because no Answer to the Complaint had been filed on August 6, 2017.

The Defendants rely on *Transamerica Occidental Life Ins. V. Aviation Office of Am.,* 292, F.3d 384, 389 (3d Cir. 2002) for the proposition that FRCP 13(a) makes this case a compulsory counterclaim. However, Defendants misapply the facts and holding in that case. In that case the lawsuit was filed in a Texas state court. However, the suit was properly removed to the Federal District Court in Texas. Instead of filing an answer or counterclaim the Defendants filed another case in another Federal District Court in New Jersey. Therefore, that case involved (2) Federal District Courts and FRCP 13(a) was correctly applied. Contrastingly, in this case there was a California state court case and a Federal District court case. Therefore, Defendants incorrectly

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

13

applied FRCP 13(a) instead of CCCP §426.30 which is the correct law to apply if there is a California state case involved, not (2) Federal court cases.

## H. THE STATE-COURT VERDICT SHOULD NOT BAR THIS LAWSUIT

Defendants content that the court should recognize a state court verdict and dismiss this lawsuit. Defendants provide no evidentiary support for that proposition even if it was true. However, once again Defendants attempt to mislead the court and state that "Blech made all his instant claims in the state court suit . . .but the jury disagreed with Blech, and determined that Blech owed Plesha for damages. (Defendants Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP(12)(B)(6) Page 6 Line 6-9). The jury actually found for Secure Channels, Inc., a California Corporation rendering a verdict for that defendant. In addition, while the Jury did award Plesha damages of $3,230.00 against Blech, Plesha demanded $79,000 in damages. (Exhibit A Page 2 Line 22) (Exhibit A Page 3 Line 26). Additionally, none of the Defendants in the prior state court trial made any claims that are being litigated in this lawsuit. Also, Antonelli, Wozny, Plesha & Campa LLC was not even a party to the prior state court case.

## I. THE COURT SHOULD BE AWARE OF THE FALSE STATEMENTS OF FACT IN DEFENDANTS MOTION AND NOTICE OF MOTION AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants attempt to mislead the Court because the jury in prior trial found that there was not a settlement agreement entered into between Secure Channels, Inc., a California Corporation and Plesha and thus verdict for that Defendant. (Exhibit A Page 2 Line 22). In addition, although the jury awarded Plesha $3,230 against Richard Blech, Plesha had been

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

14

seeking $79,000 in damages. Also, Judge Marks refused to grant the Default Judgement in a prove up hearing against Secure Channels, Inc. a Delaware Corporation immediately after the Jury Trial.

Defendants attempt to influence the Court with unfounded allegations which have no place or bearing on a 12(b)(6) Motion to Dismiss. For example, "Blech owes at least four other professionals money, some of whom have sued him." (Defendants Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP(12)(B)(6) Page 3 Line 4-5.) The material allegations in this case were not ruled on at all in *Adrian Plesha v. Secure Channels, Inc. & Richard Blech, Orange County Superior Court Case:* 30-2016-00831590-CU-BC-CJC. There only thing that was ruled on was the issue of whether there was an enforceable settlement agreement. In addition, the Notice of Motion and Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6) the Defendants state that Plaintiffs' counsel has failed to respond to multiple attempts to schedule such conference." Plaintiffs' counsel never received any communication except for the motion and amended motion by U.S. mail. Upon information and belief Plaintiffs have never made any attempts to contact Plaintiffs' counsel.

## J. DEFENDANTS REQUEST FOR FEES SHOULD BE DENIED

Defendants request fees of $3,500 without providing any statutory basis for the award of fees in preparing this motion. Defendants declaration or pleading does not address the basis of the fees. Therefore, the Court should deny this request for fees.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny Defendants' motion to dismiss the First Amended Complaint.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

15

Dated this 7th day of January, 2018

**BENEDETTO LAW GROUP**

By _____

**JAMES BENEDETTO**
Attorney for PLAINTIFFS
Secure Channels Inc., a California Corporation
Secure Channels Inc., a Delaware Corporation
Richard Blech, an Individual

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

# CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2018, I caused a true and correct copy of the foregoing Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss to be served upon defendants Adrian Plesha, an Individual and Antonelli Wozny Plesha & Campa, LLC by service to a member of the LLC Adrian Plesha by United States First-Class Mail, postage prepaid addressed as follows:

> Adrian Plesha
>
> 430 New Jersey Ave., SE
>
> Washington, DC 20003

Dated: January 8, 2018

James Benedetto

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6)

17

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 02 2017

DAVID H. YAMASAKI, Clerk of the Court

CAMILLE TOWNSEND
BY: ............................................DEPUTY

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY

(Unlimited Civil)

| | |
|---|---|
| ADRIAN PLESHA, | Case No. 30-2016-00831590-CU-BC-CJC 6 |
| Plaintiff, | **VERDICT FORM** |
| v. | |
| SECURE CHANNELS, INC., a California corporation; RICHARD BLECH, an individual; and DOES 1 to 100, inclusive; | |
| Defendants. | |

**We answer the questions submitted to us as follows:**

**1. Did Adrian Plesha and Richard Blech enter into a settlement agreement?**

_X_ Yes _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, and proceed to question 8.

**2. Did Richard Blech fail to do something that the settlement agreement required him to do?**

_X_ Yes _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, and proceed to question 8.

**3. Did Adrian Plesha fail to do something that the settlement agreement required him to do?**

_____ Yes _X_ No

VERDICT FORM
Exhibit A-1

1

If your answer to question 3 is **no**, then answer question 4. If you answered **yes**, stop here, and proceed to question 8.

**4. Was Adrian Plesha harmed by Richard Blech's breach of the settlement agreement?**

___X___ Yes _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, and proceed to question 8.

**5. Did Adrian Plesha use a wrongful threat to pressure Richard Blech into consenting to the settlement agreement?**

___X___ Yes _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, skip questions 6 and 7, and proceed to question 8.

**6. Was Richard Blech so afraid or intimidated by the wrongful threat that he did not have the free will to refuse to consent to the settlement agreement?**

_____ Yes ___X___ No

If your answer to question 6 is yes, then answer question 7. If you answered no, skip question 7, and proceed to question 8.

**7. Would Richard Blech have consented to the settlement agreement without the wrongful threat?**

_____ Yes _____ No

If your answer to question 7 is yes, then proceed to question 8, and also answer question 15.a. If your answer to question 7 is no, proceed to question 8, and do not answer question 15.a.

**8. Did Adrian Plesha and Secure Channels, Inc. enter into a settlement agreement?**

___X̶X̶___ Yes ___X___ No

If your answer to question 8 is yes, then answer question 9. If you answered no, stop here, and proceed to question 15.a (if applicable).

**9. Did Secure Channels, Inc. fail to do something that the settlement agreement required him to do?**

_____ Yes _____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, and proceed to question 15.a (if applicable).

VERDICT FORM
Exhibit A-2

2

**10. Did Adrian Plesha fail to do something that the settlement agreement required him to do?**

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 10 is **no**, then answer question 11. If you answered **yes**, stop here, and proceed to question 15.a (if applicable).

**11. Was Adrian Plesha harmed by Secure Channels, Inc. breach of the settlement agreement?**

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 11 is yes, then answer question 12. If you answered no, stop here, and proceed to question 15.a (if applicable).

**12. Did Adrian Plesha use a wrongful threat to pressure Secure Channels, Inc. into consenting to the settlement agreement?**

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 12 is yes, then answer question 13. If you answered no, skip questions 13 and 14, and proceed to question 15.

**13. Was Secure Channels, Inc. so afraid or intimidated by the wrongful threat that it did not have the free will to refuse to consent to the settlement agreement?**

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 13 is yes, then answer question 14. If you answered no, skip question 14, and proceed to question 15.

**14. Would Secure Channels, Inc. have consented to the settlement agreement without the wrongful threat?**

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 14 is yes, then answer question 15.b. If you answered no, stop here, and proceed to question 15.a (if applicable).

**15. What are Adrian Plesha's damages?**

**15.a. Richard Blech:** $ _3,230.00_

**15.b. Secure Channels, Inc.** $ _____

Signed: _____

Presiding Juror

Dated: _II. 2. 2017_____

After this verdict form has been signed, notify the clerk/bailiff/court attendant that you are ready to present your verdict in the courtroom.

Exhibit A-4

VERDICT FORM                                                              4