Zachary S. Schumacher (SBN 286898)
LAW OFFICE OF ZACHARY S. SCHUMACHER
1350 Columbia Street, Suite 503
San Diego, CA 92101
Tel: (619) 846-0747
Fax: (619) 696-5196
Email: zach@schumacher-law.com

Attorney for Defendant, Antonelli Wozny Plesha & Campa, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURE CHANNELS, INC., a California Corporation; SECURE CHANNELS INC., a Delaware Corporation; Richard Blech, an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> ADRIAN PLESHA, an Individual; ANTONELLI WOZNY PLESHA & CAMPA LLC, a Florida limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | **CASE NO:** 8:17-CV-1148-JVS-KES <br><br> **DEFENDANT ANTONELLI WOZNY PLESHA & CAMPA, LLC'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br><br> Judge:  Hon. James V. Selna <br> Dept.:  10C |

COMES NOW, Defendant ANTONELLI WOZNY PLESHA & CAMPA, LLC ("AWPC"), in answering Plaintiff's First Amended Complaint ("FAC") and admits, denies, alleges, and counterclaims as follows:

---

## I. JURISDICTION

1. The defendant does not have sufficient information or belief to enable him to answer the allegations set forth in paragraph 1 of the FAC and on that ground denies each and every allegation contained therein.

## II. VENUE

2. The defendant denies the allegations set forth in paragraph 2 of the FAC.

## III. PARTIES

3. The defendant does not have sufficient information or belief to enable him to answer the allegations set forth in paragraph 3 of the FAC and on that ground denies each and every allegation contained therein.

4. The defendant does not have sufficient information or belief to enable him to answer the allegations set forth in paragraph 4 of the FAC and on that ground denies each and every allegation contained therein.

5. The defendant does not have sufficient information or belief to enable him to answer the allegations set forth in paragraph 5 of the FAC and on that ground denies each and every allegation contained therein.

6. Defendant denies the allegations set forth in paragraph 6 of the FAC.

7. The Defendant denies the allegations set forth in paragraph 7 of the FAC.

8. The defendant admits the allegations set forth in paragraph 8 of the FAC.

9. Paragraph 9 of the FAC appears to state conclusions of law to which no response is required. To the extent that the allegations contained in paragraph 9 should be deemed to be allegations of fact, defendant denies the allegations.

10. Paragraph 10 of the FAC appears to state conclusions of law to which no response is required. To the extent that the allegations contained in paragraph 10 should be deemed to be allegations of fact, defendant denies the allegations.

11. Paragraph 11 of the FAC appears to state conclusions of law to which no response is required. To the extent that the allegations contained in paragraph 11 should be deemed to be allegations of fact, defendant denies the allegations.

## IV. STATEMENT OF FACTS

12. The defendant denies the allegations set forth in paragraph 12 of the FAC.

13. Answering paragraph 13 of the FAC, the defendant admits that a meeting occurred on or about December 22, 2014 between Plesha and Blech to discuss what services Plesha might be able to provide to SCIC. The defendant further admits that Ross Harris was present at this meeting. On information and belief, prior to the meeting, Blech was informed that defendant was in the industry of lobbying. It was never discussed at the meeting. The defendant further admits to informing Blech that it operated in the industry of lobbying. The defendant denies all remaining allegations contained in paragraph 13 of the FAC.

14. The defendant admits the allegations set forth in paragraph 14 of the FAC.

15. The defendant admits the allegations set forth in paragraph 15 of the FAC.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Fraudulent Inducement Against All Defendants)

16. Defendant repeats and incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 15 of the FAC.

17. The defendant admits only that Plesha has made, at some point in his lifetime, the following representations: (1) that he is a lobbyist; (2) that he has professional and appropriate relationships with certain Congressmen; and (3) that he has assisted other companies in obtaining access to funding. The defendant denies any and all remaining allegations in paragraph 17 of the FAC.

18. The defendant admits only the following allegations contained in paragraph 10 of the FAC: (1) That AWPC is not currently an active LLC in the State of Florida; (2) that Plesha has not ever obtained contracts for a company called Sunflower Wind through what plaintiff refers to

as a "pay to play" scheme; and (3) that Plesha pled guilty in 2003 to charges of making a false/misleading written statement to the Federal Election Commission in violation of 10 U.S.C. §1001, for which he paid a fine of $5,000.00 and was given three years' probation. The defendant denies the remaining allegations set forth in paragraph 18 of the FAC, to the extent they are allegations to which a response is required from defendant.

19. With regards to each of the allegations set forth in the lettered list of paragraph 19, the defendant responds as follows:

    a.  The allegations contained in sublist (a) of paragraph 19 appear to state conclusions of law to which no response is required.  To the extent that the allegations contained in sublist (a) of paragraph 19 should be deemed to be allegations of fact, the defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

    b.  The allegations contained in sublist (b) of paragraph 19 appear to state conclusions of law to which no response is required.  To the extent that the allegations contained in sublist (b) of paragraph 19 should be deemed to be allegations of fact, the defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

    c.  The defendant denies the allegations set forth in sublist (c) of paragraph 19 of the FAC.

    d.  The defendant denies the allegations set forth in sublist (d) of paragraph 19 of the FAC.

    e.  The defendant denies the allegations set forth in sublist (e) of paragraph 19 of the FAC.

    f.  The defendant lacks knowledge or information sufficient to form a belief with regards to the allegations set forth in sublist (f) of paragraph 19 of the FAC and therefore denies the allegations set forth in sublist (f) of paragraph 19 of the FAC.

g.  The defendant lacks knowledge or information sufficient to form a belief with regards to the allegations set forth in sublist (g) of paragraph 19 of the FAC and therefore denies the allegations set forth in sublist (g) of paragraph 19 of the FAC.

h.  The defendant lacks knowledge or information sufficient to form a belief with regards to the allegations set forth in sublist (h) of paragraph 19 of the FAC and therefore denies the allegations set forth in sublist (h) of paragraph 19 of the FAC.

20. The defendant denies the allegations set forth in paragraph 20 of the FAC.

21. The allegations in paragraph 21 of the FAC pertain to the plaintiffs and not the defendant, and on that basis, the defendant is not required or able to respond to these allegations.  Stating further, the allegations contained in paragraph 21 of the FAC represent conclusions of law to which no response is required by the defendant.  To the extent any or all of the allegations contained in paragraph 21 are deemed to be allegations of fact, the defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

22. The defendant denies the allegations set forth in paragraph 22 of the FAC.

23. The defendant denies the allegations set forth in Paragraph 23 of the FAC.

## SECOND CAUSE OF ACTION

### (Fraudulent Concealment)

24. Defendant repeats and incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 23 of the FAC.

25. With regards to the allegations contained in paragraph 25 of the FAC, the defendant admits only that Plesha has made, at some point in his lifetime, the following representations: (1) that he is a lobbyist (2) that he has professional and appropriate relationships with certain Congressmen and (3) has assisted other companies in obtaining access to funding opportunities and that companies can only ultimately secure funding by merit.  The defendant denies any and all remaining allegations in paragraph 25 of the FAC.

---

AWPC's Answer and Counterclaim to Plaintiff's FAC

26. The allegations in paragraph 26 of the FAC state conclusions of law to which no response is required with respect to defendant's duty to disclose "representations". Should any of the allegations be deemed findings of fact to which a response is required from the defendant, the defendant denies making any "false or concealed" representations as alleged in paragraph 26 of the FAC.

27. The defendant denies the allegations set forth in Paragraph 27 of the FAC.

28. The allegations in paragraph 28 of the FAC pertain to the plaintiffs and not the defendant, and on that basis, the defendant is not required or able to respond to these allegations. Stating further, the allegations contained in paragraph 28 of the FAC represent conclusions of law to which no response is required by the defendant. To the extent any or all of the allegations contained in paragraph 28 are deemed to be allegations of fact, the defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

29. The defendant denies the allegations set forth in Paragraph 29 of the FAC.

30. The defendant denies the allegations set forth in Paragraph 30 of the FAC.

### THIRD CAUSE OF ACTION

(Fraudulent Promise Without Intent to Perform)

(Against All Defendants)

31. Defendant repeats and incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 30 of the FAC.

32. The defendant denies the allegations set forth in Paragraph 32 of the FAC.

33. Paragraph 33 of the FAC calls for conclusions of law to which no response is required. Paragraph 33 of the FAC further contains allegations which pertain to the plaintiffs and not the defendant, and on that basis, the defendant is not required or able to respond to these allegations. To the extent that a response is required from the defendant to paragraph 33 of the FAC, the defendant denies making the representations/promises described in paragraph 33 of the FAC.

AWPC's Answer and Counterclaim to Plaintiff's FAC

34. The defendant denies the allegations contained within paragraph 34 of the FAC.

35. The defendant denies the allegations contained within paragraph 35 of the FAC.

36. The defendant denies the allegations contained within paragraph 36 of the FAC.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### (Against all Defendants)

37. Defendant repeats and incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 36 of the FAC.

38. Defendant denies the allegations set forth in paragraph 38 of the FAC.

39. The allegations in paragraph 39 of the FAC pertain to the plaintiffs and not the defendant, and on that basis, the defendant is not required or able to respond to these allegations. Stating further, the allegations contained in paragraph 39 of the FAC represent conclusions of law to which no response is required by the defendant. To the extent any or all of the allegations contained in paragraph 39 are deemed to be allegations of fact, the defendant denies these allegations.

40. The defendant denies the allegations set forth in paragraph 40 of the FAC.

## FIFTH CAUSE OF ACTION

### (Breach of Contact)

### (Against All Defendants)

41. Defendant repeats and incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 40 of the FAC.

42. Defendant admits the allegations set forth in paragraph 42 of the FAC.

43. Defendant denies the allegations set forth in paragraph 43 of the FAC.

44. Defendant denies the allegations set forth in paragraph 44 of the FAC.

## SIXTH CAUSE OF ACTION

### (Slander per se California Civil Code §46)

### (Against all Defendants)

45. Defendant repeats and incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 44 of the FAC.

46. The allegations contained in paragraph 46 of the FAC call for a conclusion of law with respect to the phrase "made a defamatory statement" to which no response is required from the defendant.  To the extent that the allegations are deemed to be factual allegations to which a response is required, the defendant admits that Plesha made a similarly worded statement but denies that it is defamatory as it is true – the plaintiff reneged on its agreement and did not pay the defendant as promised under the terms of the agreement.

47. The allegations in paragraph 47 of the FAC pertain to Ross Harris, and not the defendant, and on that basis, the defendant is not required or able to respond to these allegations.  To the extent any or all of the allegations contained in paragraph 47 of the FAC are deemed to be allegations of fact to which the defendant should respond, the defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

48. The defendant denies the allegations set forth in paragraph 48 of the FAC.

49. The defendant denies the allegations set forth in paragraph 49 of the FAC.

50. The defendant denies the allegations set forth in paragraph 50 of the FAC.

51. The defendant denies the allegations set forth in paragraph 51 of the FAC.

   **WHEREFORE,** the defendant prays that the plaintiff take nothing by way of his FAC and that this answering defendant herein recover for his damages, costs, and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

   By way of affirmative defense, the defendant asserts that the plaintiffs' FAC should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

//

---

### Second Affirmative Defense

By way of affirmative defense, the defendant says that the plaintiff's lawsuit is barred pursuant to Fed. R. Civ. P. 13 as a compulsory counterclaim which was required to have been raised in the previous California Superior Court lawsuit.

### Third Affirmative Defense

By way of affirmative defense, the defendant says that the plaintiffs' claims are barred due to the doctrine of res judicata.

### Fourth Affirmative Defense

By way of affirmative defense, the defendant says that the plaintiffs are estopped from asserting breach of contract actions.

### Fifth Affirmative Defense

By way of affirmative defense, the defendant says that the plaintiffs' claims are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

By way of affirmative defense, the defendant says that the FAC misnames the defendant.

### Seventh Affirmative Defense

By way of affirmative defense, the defendant says that the action is barred by the applicable statute of limitations.

### Eighth Affirmative Defense

By way of affirmative defense, the defendant says that the plaintiffs cannot recover for the reason that it failed to give notice of the damages allegedly suffered by it to the defendant as required.

### Ninth Affirmative Defense

By way of affirmative defense, the defendant says that because the damages alleged in the FAC are purely speculative and, in fact, plaintiff has neither alleged an amount of damages nor incurred damages, the plaintiff cannot recover.

**Tenth Affirmative Defense**

By way of affirmative defense, the defendant says that service of process was insufficient.

**Eleventh Affirmative Defense**

By way of affirmative defense, the defendant states that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by the superseding intervening conduct of a third party for whom the defendant is not legally responsible.

**Twelfth Affirmative Defense**

By way of affirmative defense, the defendant says that the plaintiffs breached the terms and conditions of the agreement or contract alleged in the plaintiffs' FAC, and that, therefore, the plaintiffs cannot recover.

**Thirteenth Affirmative Defense**

By way of affirmative defense, the defendant says that the contract or agreement alleged in the plaintiffs' FAC was terminated, and that, therefore, the plaintiffs cannot recover.

**Fourteenth Affirmative Defense**

By way of affirmative defense, the defendant says that the plaintiffs are estopped from asserting breach of contract actions.

**Fifteenth Affirmative Defense**

By way of affirmative defense, the defendant says that the plaintiffs released the defendant or its agents from any liability and the plaintiffs are therefore barred from recovery.

**Sixteenth Affirmative Defense**

By way of affirmative defense, the defendant says that the plaintiffs' claims are barred due to failure of consideration.

**Seventeenth Affirmative Defense**

By way of affirmative defense, the plaintiffs' claims are barred by the doctrine of laches.

//

//

## Eighteenth Affirmative Defense

By way of affirmative defense, the plaintiff has waived its right to assert breach of contract actions.

## COUNTERCLAIM

## PARTIES

1. The plaintiff-in-counterclaim, ANTONELLI WOZNY PLESHA & CAMPA, LLC ("AWPC" or "plaintiff", or collectively, "plaintiffs"), is a limited liability company with its principal place of business at 430 New Jersey Avenue SE, Washington, DC 20003.  AWPC is a lobbying firm which, among other things, facilitates communications to develop potential communications between its clients (private parties) and government/corporate officials.

2. The defendant-in-counterclaim, Richard Blech, ("Defendant RICHARD BLECH," "Blech", or collectively, "defendants") is, and was at all times alleged herein, a resident of Orange County, California.  AWPC sues him in his individual capacity due to representations made as described herein, and as the principal point of contact between AWPC and Defendant SECURE CHANNELS, a California Corporation, and also as provided in section 4.1 of the Settlement Agreement alleged herein, a true and correct copy of which attached hereto as **Exhibit A.**

3. The defendant-in-counterclaim, SECURE CHANNELS, INC. ("Secure Channels" or "SCI/ CA", or collectively "defendants") is, and was at all times alleged herein, a California corporation with its headquarters and principal place of business in Orange County, California.

4. The defendant-in-counterclaim, SECURE CHANNELS, INC. ("Secure Channels" or "SCI/DE", or collectively "defendants"), is, on information and belief, a corporation incorporated in Delaware with a headquarters and principle place of business in Orange County, California.

## FACTUAL ALLEGATIONS

---

5. This is an action for defendants' breach of a written settlement agreement between AWPC and defendants.

6. The parties had a written contract dated December 22, 2014 by which defendants would pay AWPC for professional lobbying services ("Original Contract").

7. During the month of December 2014, AWPC and defendants had several meetings to discuss how AWPC could benefit the defendants by offering its lobbying and facilitative services. Fee structures were discussed and confirming emails were exchanged.

8. These negotiations culminated at a meeting on or about December 22, 2014 when Blech said he considered plaintiff "engaged" and a contract was formed.

9. Later that same day, AWPC delivered specific terms of the engagement to defendants, offering to represent them for a one-year term at $7,000 per month (which totals $84,000).

10. At 8:48pm that evening, December 22, 2014, Blech responded, stating, "Your proposal below at $7,000 per month with $2,000 towards an equity structure is acceptable… This email to you should serve as my confirmation to you to proceed per below."

11. AWPC began performing lobbying and facilitative work in accordance with the agreement.

12. AWPC worked to arrange both public and private sector meetings in Washington DC for defendants – including with Exxon, PricewaterhouseCoopers, and the MPAA (Sony) after defendants "agreed to the terms of Plesha's well-thought out proposal."

13. In reliance on the contract with defendants, AWPC also turned down a different cyber security client in December 2014 to avoid a conflict.

14. However, on or about January 16, 2015, defendants asked AWPC to stop working for them and refused to pay AWPC the agreed upon compensation.

15. On information and belief, defendants hired at least two lobbyists to do work on their behalf following the breakdown of the relationship between AWPC and defendants.

16. On information and belief, to date, both lobbyists subsequently hired by defendants are also still owed money from defendants - in keeping with defendants' pattern of not honoring agreements and not paying for services.

---

AWPC's Answer and Counterclaim to Plaintiff's FAC

17. AWPC performed its obligations to defendants, relied on their acceptance of its terms, and started arranging meetings for defendants; but defendants failed to pay as required by the contract.

18. To resolve the ensuing dispute, AWPC and defendants then agreed in writing (July 1, 2015) to the terms of a settlement agreement ("Settlement Agreement") to resolve their contract dispute.

19. Defendants defaulted on that contract as well, leaving a sum of $79,000 plus attorney's fees due.

20. AWPC filed suit in Superior Court, Orange County California for breach of the settlement agreement, and received a monetary judgment following a jury trial against defendants.

21. In order to delay, and avoid trial, as well as obfuscate and confuse the jury and judge regarding the facts surrounding the state trial, defendants filed this lawsuit in federal court on August 6, 2017 on the same facts and evidence already presented in the state trial.

22. This current lawsuit is a wholly frivolous and a pure revenge stunt with the purpose and hopes of solely costing the defendants time and money. Defendants lost the state court lawsuit, and are now hoping to use this federal lawsuit to gain some kind of leverage in the state court matter before the verdict is final and/or to extol revenge.

23. Defendants have also counter-sued at least four other parties suing him for lack of payment including former partners, two former employees of defendants, and another Washington DC based lobbyist similar to AWPC.

### COUNT ONE

(Breach of Settlement Agreement)

(Against All Defendants-in-Counterclaim)

24. AWPC reallege and incorporate as though set forth fully herein each paragraph of this counterclaim.

25. A manifestation of mutual consent may be made "even though neither offer nor acceptance can be identified and even though the moment of formation cannot be determined."

Furthermore, the manifestation may be partly written and partly oral statements or acts; e.g., a written offer and an oral acceptance or acceptance by conduct.  (Witkin, Summary of California Law 10th (2005) Contracts at § 117.)

26. On or about July 1, 2015, the parties manifested their mutual assent to a specific exchange of promises to resolve the dispute between them by signing a Settlement Agreement (Exhibit A).

27. The Settlement Agreement requires defendant SCI to pay plaintiff the sum of $25,000 over the course of four months (July through October 2015).  (Exhibit A, section 1.1.)

28. Defendants failed to make the required payments under the Settlement Agreement, except for the first $5,000 payment on or about July 2, 2015, despite many demands.

29. Since SCI has defaulted on the Settlement Agreement, SCI owes AWPC $84,000 (the amount that AWPC would have been paid under the terms of the initial contract from December of 2014), minus $5,000 paid, for $79,000 still due (See Exhibit A, section 1.2.), which AWPC has demanded and again hereby demands.

30. Since SCI has defaulted on the Settlement Agreement, Defendant Blech is also personally liable to pay plaintiff for his lobbing services on the Original Contract, for any amount not paid by SCI, up to $84,000.  (See Exhibit A, section 4.1.)  Defendant Blech has failed to pay this amount, which plaintiffs have demanded and again hereby demand.

31. The breach by defendants has made it necessary for AWPC to employ counsel to file the previous and now this current suit.  This claim was timely presented to defendants and remains unpaid.  A reasonable fee for the attorney's services rendered and to be rendered is at least $25,000, or subject to proof, or the maximum allowed by law.

32. The Settlement Agreement provides that the prevailing party shall be entitled to reasonable attorney fees and costs.  (Exhibit A, section 5.9.)

33. All conditions precedent to recovery as alleged herein have been fully performed.

**COUNT TWO**

(Promissory Estoppel)

(Against All Defendants-in-Counterclaim)

---

AWPC's Answer and Counterclaim to Plaintiff's FAC

34. AWPC realleges and incorporates as though set forth fully herein each paragraph of this counterclaim.

35. On or about December 22, 2014, defendants agreed to terms proposed by AWPC, as described above, in exchange for plaintiff's lobbying work in Washington, D.C., among other locations. The Agreement also provided a minimum term of one (1) year.

36. In assenting to the Agreement, defendants knew or should have known that their actions would case plaintiffs to reasonably to rely upon their representations and that he would be reasonably induced to rely upon their promises and/or assurances of payment.

37. In conducting his reasonable due diligence preceding the Agreement, AWPC was not able to uncover any evidence that defendants were unable to pay on the Agreement and, in fact, defendants presented plaintiff with sufficient representations, including personal assurances from Defendant Blech, to persuade him to commence work on their behalf.

38. AWPC acted in reliance to his detriment by fully performing under the terms of the Agreement and by foregoing other paying work to lobby on defendants' behalf. Based on their representations to plaintiff, defendants should be estopped from denying that a contract exists.

39. Defendants have not performed any part of their agreement to pay, reimburse, or otherwise remunerate AWPC, all to his damage as described above.

40. Injustice can only be avoided by enforcing the Agreement, assurances, and/or representations of payment, reimbursement, and other forms of remuneration.

**COUNT THREE**

(Against All Defendants-in-Counterclaim)

(Indebitatus Assumpsit)

41. AWPC realleges and incorporates as though set forth fully herein each paragraph of this counterclaim.

42. On or about December 22, 2014, defendants agreed to terms proposed by AWPC, as described above, in exchange for AWPC's lobbying work in Washington, D.C., among other locations. The Agreement also provided a minimum term of one (1) year.

43. In assenting to the Agreement, defendants knew or should have known that their actions would case plaintiffs reasonably to rely upon their representations and that he would be reasonably induced to rely upon their promises and/or assurances of payment.

44. In conducting his reasonable due diligence preceding the Agreement, AWPC was not able to uncover any evidence that defendants were unable to pay on the Agreement and, in fact, defendants presented AWPC with sufficient representations, including personal assurances from defendant Blech, to persuade AWPC to commence work on their behalf.

45. AWPC acted in reliance to its detriment by fully performing under the terms of the Agreement and by foregoing other paying work to lobby on defendants' behalf. Based on their representations to AWPC, defendants should be estopped from denying that a contract exists.

46. Defendants have not performed any part of their agreement to pay, reimburse, or otherwise remunerate plaintiff, all to his damage as described above.

47. Injustice can only be avoided by enforcing the Agreement, assurances, and/or representations of payment, reimbursement, and other forms of remuneration.

## COUNT FOUR

### (Against All Defendants-in-Counterclaim)

### Quantum Meruit

48. AWPC realleges and incorporates as though set forth fully herein each paragraph of this counterclaim.

49. This Cause of Action is pled in the alternative to the Third Cause of Action.

50. Within the last four years, as set forth above, AWPC performed valuable lobbying, government consulting, and other professional services on behalf of the defendants. Such lobbying, consulting, and other professional services were performed at the specific request of defendants and they promised to remunerate plaintiff the reasonable value of those services.

51. Furthermore, defendants, at all times alleged herein, accepted, used, enjoyed, and otherwise knowingly received the benefit of the services provided by AWPC.

AWPC's Answer and Counterclaim to Plaintiff's FAC

52. AWPC has, to no avail, demanded payment from defendants.  The last demand was made on January 13, 2016.

53. The fair and reasonable value of services provided to defendants is at least $84,000 (minus $5,000 paid, for $79,000 still due).

54. No payment has been made to plaintiff, except the initial $5,000 under the Settlement Agreement, and there is now owing the sum of at least $79,000.

COUNT FIVE

(Against All Defendants-in-Counterclaim)

Unfair Competition Law (Bus. & Prof. Code § 17200)

55. AWPC realleges and incorporates as though set forth fully herein each paragraph of this counterclaim.

56. As described above, defendants used AWPC's services to inure certain benefits to themselves, to wit, defendants used AWPC to lobby the government and assist them with procuring various appointments with elected and corporate officials.

57. AWPC fully performed its obligations and defendants have refused to perform their obligations.

58. By using AWPC's services, by breaching their obligations under the terms of the Settlement Agreement, by accepting AWPC's services and benefiting from them, defendants have engaged in unlawful, unfair, and/or fraudulent business practices as those terms are defined and applied by Bus. & Prof. Code section 17200.

59. Since AWPC has been damaged by defendants' conduct, as described above, he is entitled to restitution for the value of its services and its time spent performing under the Settlement Agreement in an amount to be established at trial.

PRAYER FOR RELIEF

**WHEREFORE,** AWPC prays for judgment against the defendants-in-counterclaim as follows:

---

AWPC's Answer and Counterclaim to Plaintiff's FAC

1. That the Court deny all relief sought by defendants-in-counterclaim's FAC, and that the FAC be dismissed with prejudice, with costs and attorney fees awarded to AWPC;

2. That the Court order defendants-in-counterclaim, jointly and severally, to pay damages for:

    a. All actual and consequential damages;

    b. All interests, costs, and attorney's fees;

    c. All incidental expenses and damages; and

    d. All punitive and exemplary damages;

3. That AWPC be awarded reasonable attorney's fees and costs for time and expenditures incurred in the defense of this matter in an amount determined to be appropriate by this Court;

4. All equitable relief the Court may deem just and proper, and;

5. For all other relief the Court may deem just and proper.


**Dated:** March 23, 2018                          /s/ Zachary S. Schumacher
                                                   Attorney for Defendant and Counter-claimant,
                                                   Antonelli Wozny Plesha & Campa, LLC

---

AWPC's Answer and Counterclaim to Plaintiff's FAC