# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement and mutual release ("Agreement") is entered into on July 1, 2015, by (a) ADRIAN PLESHA ("PLESHA"), individually and on behalf of ANTONELLI WOZNY PLESHA & CAMPA LLC ("AWPC"), on the one hand; and (b) SECURE CHANNELS, INC. ("SCI"), and Richard Blech ("BLECH"), an individual, on the other hand. Both groups are collectively referred to herein as the "parties."

## RECITALS

A. During November/December 2014, PLESHA/AWPC conducted discussions with BLECH, President of SCI, regarding lobbying work for SCI and engaged in a series of meetings and services regarding the same (the "DISCUSSIONS").

B. PLESHA/AWPC contends that a contract was formed with SCI and BLECH for lobbying services during the DISCUSSIONS. SCI and BLECH contend that no contract was formed.

C. PLESHA/AWPC has contemplated litigation against SCI/BLECH and has exchanged correspondence with SCI/BLECH regarding same including demands of January 19, 2015 and May 26, 2015, but never filed a lawsuit. All such claims for damages by PLESHA/AWPC arising out of the DISCUSSIONS are referred to herein as "PLESHA'S CLAIMS."

PLESHA/AWPC and SCI have agreed to globally settle, compromise, and resolve all disputes with each other, including PLESHA'S CLAIMS (collectively, the "DISPUTE"), on the terms and conditions contained in this Agreement.

NOW THEREFORE, in consideration of the above-referenced facts and covenants and conditions hereinafter set forth, the parties agree as follows:

## AGREEMENT

1. **Settlement terms.** In exchange for payment of $25,000 (the "Total Settlement Consideration") as set forth herein, PLESHA/AWPC (i) will, subject to Section 4, release, waive, and discharge SCI and their agents and affiliates from all claims arising from or pertaining to the DISPUTE, (ii) will not file a lawsuit against SCI or their agents or affiliates and (iii) will not publish, discuss, or otherwise use the Secure Channels or SCI mark in any way or form, including any claims of relationship or former relationship, whether personal or business, with SCI or BLECH or any claims of knowledge of SCI's products, technologies or solutions.

    1.1. **Payments.** SCI will pay PLESHA the sum of $25,000.00 (twenty-five thousand dollars) payable according to the following schedule:

        1.1.1. $5,000 on or before July 2, 2015;

      1.1.2.  $5,000 on or before July 30, 2015;
      1.1.3.  $5,000 on or before August 30, 2015;
      1.1.4.  $5,000 on or before September 30, 2015; and
      1.1.5.  $5,000 on or before October 30, 2015.

1.2. **Default**. If any payment is not timely made (including if a check is returned for insufficient funds) (a "Default"), PLESHA/AWPC will send written notice to SCI. If SCI does not cure within 14 days from the date notice is sent, the total sum due PLESHA will default to $84,000 (eighty-four thousand dollars) less any payments made pursuant to Section 1.1 (the "Default Amount").

1.3. **Compliance with Tax Regulations**. In order to comply with regulations promulgated by the IRS, SCI will issue FORM 1099-Misc for settlement/ compensation paid to ADRIAN PLESHA. Accordingly, Plesha shall furnish Form W9, completed with his tax identification number to SCI, as a condition to receive any payment pursuant to Section 1.1.

2. **Mutual release.**
In exchange for performance and satisfaction of the obligations as set forth herein, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the parties, for themselves and on behalf of their past and present directors, officers, members, partners, employees, subsidiaries, insurers, attorneys, stockholders, agents, and successors in interest, do hereby forever **release and discharge** each other, including each of the parties' past and present directors, officers, partners, members, employees, subsidiaries, insurers, attorneys, stockholders, agents, heirs, assigns, and successors in interest **from any and all liabilities**, acts, actions, causes of action, suits, proceedings, debts, dues and sums of money, accounts, accountings, reckonings, bonds, bills, covenants, contracts, controversies, conveyances, leases, assignments, agreements, promises, representations, trespasses, damages, judgments, executions, defenses, offsets, counterclaims, claims, demands, attorney's fees, costs, expenses, and other financial or other losses, or any combination of the same, of any nature whatsoever, whether known or unknown, suspected or unsuspected, contingent or certain, direct or indirect, fixed or contingent, whether at law or in equity, which the parties ever had, has, or may have against the other, arising from or pertaining to the DISCUSSIONS or DISPUTE, whether or not such claims were raised in connection with PLESHA's demands or otherwise ("Release"). Each party hereby waives the protections of California Civil Code section 1542, which provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Each party represents that he/she understands and acknowledges the significance and consequences of a waiver of Civil Code section 1542, and hereby assumes full responsibility for any injuries, damages, or losses that it may incur by such waiver.

The undersigned acknowledge that they are aware that different or additional facts may be discovered in addition to what they now know or believe to be true with respect to the matters herein released, and that they agree that this Agreement shall be and remain in effect in all respects as a complete and final release of the matters released, notwithstanding any different or additional facts.

3. **No Admission of Liability.** This Agreement is entered into solely for the purpose of settling disputed claims and defenses, and to avoid the expense and uncertainties of litigation. This Agreement, and the provisions provided herein, do not constitute an admission by any party hereto of the merit or lack thereof of any party's claims or defenses. Further, the parties do not admit fault or liability of any kind, all of which is denied and contested. Neither this Agreement nor any of its terms is admissible in any proceeding, except a proceeding to interpret or enforce its terms.

4. **Remedies.**

   4.1. In the event of Default by SCI not timely cured pursuant to Section 1.2, PLESHA/AWPC retains the right to seek damages against BLECH pursuant to PLESHA'S CLAIMS in an amount equal to the Default Amount less any payments received pursuant to this Agreement.

   4.2. If PLESHA/AWPC breach the settlement terms described in Section 1 subsections (i)-(iii) or Section 5.10 (Confidentiality), SCI shall be (a) entitled to equitable relief including but not limited to injunction, monetary damages, and punitive damages according to proof; (b) (i) relieved of its obligations to pay any further Settlement Consideration and (ii) entitled to refund of any Settlement Consideration paid to date; further, PLESHA/AWPC shall not be entitled to the Default Amount as provided for in Section 1.2.

5. **Miscellaneous**.

   5.1. Notices. Any notices hereunder will be delivered via email and U.S. mail or carrier as follows:

   | If to PLESHA/AWPC: | Adrian Plesha, aplesha@aol.com |
   |---|---|
   | with copy to: | Christopher Schweickert, Esq. cjs@walnutcreekattorney.com |
   | | 1870 Olympic Boulevard, Suite 105 |
   | | Walnut Creek, CA 94596 |
   | | 925-788-1672 |

|  |  |
|---|---|
| If to SCI/BLECH: | Richard Blech, rjb@securechannels.com |
| with copy to: | Emily Levin, Esq., emily@sblcounsel.com |
|  | SBL COUNSEL, PLC |
|  | 1990 S. Bundy Drive, Suite 390 |
|  | Los Angeles, CA 90025 |
|  | 310-409-1006 |

5.2. **Further assurances.**  The parties will execute such other documents and take such other actions as may reasonably be necessary to further the purposes of this Agreement.

5.3. **Entire agreement.**  This Agreement is the complete expression of the parties regarding this subject matter and supersedes all prior understandings, warranties, and agreements (if any).  The consideration recited herein is the sole, complete and entire consideration for the releases.  There is no agreement, oral or written, express or implied, whereby the undersigned are to receive at any time or in any event or upon the happening of any contingency or upon the development or the discovery of any fact, circumstance or condition, any further consideration of any kind whatsoever from any party hereto.

5.4. **Authority; no prior assignments.**  The parties represent that they have the sole right and exclusive authority to execute this Agreement and receive the consideration therefor; and that they have not heretofore assigned to any other person or entity any of the rights or claims, or any portion thereof, which are settled or released by this Agreement, and that they are aware of no fact, circumstance or reason that would limit in any manner the releases they provide by this Agreement.

5.5. **Waivers/modifications.**  No waiver or modification is valid unless in writing.  A waiver of one term is not a waiver of another.

5.6. **Severability.**  If any part of this Agreement is invalid, the remainder will remain in force.

5.7. **Successors**.  This Agreement is binding on the parties' successors, heirs, and assigns.  In the event PLESHA/AWPC assigns its rights under this Agreement, notice of such assignment shall be delivered to SCI and PLESHA/AWPC shall be responsible for any costs incurred by SCI to cancel and revise the checks described in Section 1.1 above.

5.8. **Advice of counsel.**  Each party has had advice of counsel in preparing and executing this agreement.  For purposes of construing ambiguities, each party is considered to have drafted this agreement.  Each party will bear their own attorney's fees and costs to date and for the execution and performance of this agreement.

5.9. **Enforceability; venue, jurisdiction, and choice of law; fees/costs.**  This Agreement may be enforced by court.  This Agreement shall be governed by, construed and enforced in accordance with the internal laws of the State of California.  Venue and jurisdiction for any dispute arising from this Agreement shall be only in the Superior Court of California, Orange County, or the United States District Court for the Central

District of California. In any action to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

5.10.   **Confidentiality**. The parties shall not disclose, and shall keep in confidence (i) the existence, subject matter and terms of this Agreement and (ii) the existence, subject matter and terms of the DISCUSSIONS and the DISPUTE.

I have read the above SETTLEMENT AGREEMENT AND RELEASE and understand it. I voluntarily agree to all its terms.

_____ Date:_____     _____[signature]_____ Date: 7/1/2015
ADRIAN PLESHA, individually                  RICHARD BLECH, individually

ANTONELLI WOZNY PLESHA                       SECURE CHANNELS, INC.
& CAMPA LLC

_____ Date:_____     _____[signature]_____ Date: 7/1/2015
ADRIAN PLESHA, individually                  By: RICHARD BLECH, its President
By: ADRIAN PLESHA, its Senior
Vice President


Approved as to form:

LAW OFFICE OF CHRISTOPHER                    SBL COUNSEL
SCHWEICKERT

_____ Date:_____     \_\_\_\_\_[signature]_____ Date: 7-1-15
By: CHRISTOPHER SCHWEICKERT                  By: EMILY LEVIN
Attorney for ADRIAN PLESHA                   Attorneys for SCI and RICHARD BLECH

District of California. In any action to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

5.10. **Confidentiality**. The parties shall not disclose, and shall keep in confidence (i) the existence, subject matter and terms of this Agreement and (ii) the existence, subject matter and terms of the DISCUSSIONS and the DISPUTE.

I have read the above SETTLEMENT AGREEMENT AND RELEASE and understand it. I voluntarily agree to all its terms.

_____ Date: 7/1/15
ADRIAN PLESHA, individually

_____ Date: 7/1/2015
RICHARD BLECH, individually

ANTONELLI WOZNY PLESHA
& CAMPA LLC

_____ Date: 7/1/15
ADRIAN PLESHA, individually
By: ADRIAN PLESHA, its Senior
Vice President

SECURE CHANNELS, INC.

_____ Date: 7/1/2015
By: RICHARD BLECH, its President

Approved as to form:

LAW OFFICE OF CHRISTOPHER
SCHWEICKERT

_____ Date: 7/1/15
By: CHRISTOPHER SCHWEICKERT
Attorney for ADRIAN PLESHA

SBL COUNSEL

_____ Date: _____
By: EMILY LEVIN
Attorneys for SCI and RICHARD BLECH