JAMES BENEDETTO [SBN 259202]
BENEDETTO LAW GROUP
2372 Morse Avenue, Suite 130
Irvine, California 92614
Telephone: 1-949-232-1982
Facsimile: 1-888-289-8548
Email: blg@outlook.co.th

Attorneys for Plaintiffs Secure Channels, Inc., a California Corporation, Secured Channels Inc, a Delaware Corporation & Richard Blech, an Individual.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURE CHANNELS, INC., a California Corporation; SECURE CHANNELS INC., a Delaware Corporation; Richard Blech, an Individual,<br><br>    Plaintiffs,<br><br>        vs.<br><br>ADRIAN PLESHA, an Individual; ANTONELLI WOZNY PLESHA & CAMPA LLC, a Florida, Limited Liability Company and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO: 8:17-CV-1148<br>JOINT RULE 26(f) CONFERENCE<br><br>[FRCP RULE 26(b); CD-LR 26-1]<br>Honorable Judge James V. Selna |

Pursuant to the Court's Scheduling Order of March 2, 2018 and Rule 26(f) of the Federal Rules of Civil Procedure, James Benedetto for the Plaintiffs and Zachary S. Schumacher for Defendant Antonelli, Wozny, Plesha, & Campa, LLC ("AWPC") conducted a Rule 26(f) conference by telephone on April 11, 2018.

JOINT RULE 26(f) CONFERENCE 1

Pursuant to federal Rule of Civil procedure 26(f), Central District Local Rule 26-1, and this Court's Standing Order**,** the parties to this action, Plaintiffs Secure Channels, Inc., a California Corporation; Secure Channels, Inc., a Delaware Corporation; Richard Blech, an Individual, and Defendant AWPC, a Florida limited liability company, hereby submit this Joint Rule 26(b) Report of Meeting.

## JOINT STATEMENT OF THE PARTIES PURSUANT TO RULE 26(f)

**I.     PROPOSED RULE 26(f) DISCOVERY PLAN**

In accordance with the requirements of Federal Rules of Civil procedure 26(f)(1)-(4) and the Local Rules, the parties propose the following discovery plan, which may be supplemented if necessary following initial disclosures:

1. **Timing of Discovery (FRCP 26(f)(3)(A)).** A proposed discovery schedule is outlined in section two of this report.

2. **Scope and Subjects of Discovery (FRCP 26(f)(3)(B)).**

    a. **Plaintiffs Subjects on Which Discovery May Be Needed**. Without prejudice to their rights to seek discovery on any relevant issues, Plaintiffs contemplate that they will need and seek discovery concerning: all evidentiary support from Defendants and any relevant non-party regarding Plaintiffs claims.

    b. **Defendants Subjects on Which Discovery May Be Needed**. The parties anticipate that their discovery will focus on any alleged agreements and/or contract(s). The parties further anticipate discovery surrounding each of the allegations Mr. Blech/Secure Channels has forwarded in the Complaint, as well as the Counterclaims which the Defendants, Plaintiffs-in-Counterclaim have made against Mr. Blech/Secure Channels.

    c. **Agreed Upon Methods of Discovery.** Anticipated methods of future discovery may include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff, Defendants' employees and "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

    d. **Procedures for Resolving Disputes Regarding Claims of Privilege.** The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the court's further orders.

3. **Additional Parties (L.R. 26-1(e)).** The Defendants do not anticipate at this time that discovery will lead to the naming of additional parties. Plaintiffs anticipate the possibility of additional parties being added to the case. Namely, Plaintiffs request that if any other members or persons employed by Defendant AWPC, those persons or entities may be added.

4. **Electronically Stored Information (FRCP 26(f)(3)(C).** With regard to electronically stored information, the parties request that all such information be produced in accordance with the Federal Rules of Civil Procedure. Disclosure or discovery of electronically stored information should be handled as follows:

    a. All electronic files are to be produced in their native format as kept in the ordinary course of business, along with any program used to open those files. Metadata shall not be removed from any file prior to production.

JOINT RULE 26(f) CONFERENCE 3

  b. If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF), accompanied by a declaration from counsel explaining the reason the electronic file could not be produced in its native format.

5. **Privilege Claims/Protection Claims (FRCP 26(f)(3)(D).** The parties request any such claims be made and heard in accordance with the Federal Rules of Civil Procedure.

6. **Discovery Limitations (FRCP 26(f)(3)(E).** The parties expect discovery will proceed in accordance with the Federal Rules of Civil Procedure and any applicable local rules.

7. **Complex Cases (L.R. 26-1 (a)).** The parties do not believe the case requires designation as complex litigation or use of the Manual for Complex Litigation.

II. **PROPOSED SCHEDULE FOR DISCOVERY, DISPOSITIVE MOTIONS**

1. **Initial Disclosures.** The parties do not anticipate the need for any changes to the from or requirements for initial disclosures under Fed. R. Civ. P. 26(a)(1), except the parties request that the deadline should be extended to, and such disclosures will be made on or before, May 31, 2018.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after October 20, 2018.

3. **Fact Discovery - Interim Deadlines**.

JOINT RULE 26(f) CONFERENCE 4

    a. Written discovery (requests for production of documents, interrogatories, and requests for admissions) shall be served no later than August 3, 2018.

    b. All depositions, other than expert depositions, must be completed by October 15, 2018.

4. **Fact Discovery – Final Deadline**.

    a. All discovery, other than expert discovery, must be completed by January 22, 2019.

5. **Status Conferences.** A status conference will be held on October 12, 2018.

6. **Expert Discovery (FRCP 26(a) (2), L.R. 26-1 (f))**.

    a. Plaintiffs trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by December 10, 2018.

    b. Plaintiffs' trial experts must be deposed by January 25, 2019.

    c. Defendants trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by December 10, 2018.

    d. Defendants' trial experts must be deposed by January 25, 2019.

7. **Dispositive Motions (L.R. 26-1 (b))**.

    a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by May 4, 2019. The Defendants anticipate the filing of a Motion for Summary Judgment.

    b. Oppositions to dispositive motions must be filed within 21 days after service of the motion.

**III. PROPOSED SCHEDULE FOR DISCOVERY, DISPOSITIVE MOTIONS**

1. **Initial Pretrial Conference.** An initial pre-trial conference will be held on May 25, 2019.

2. **Final Pretrial Conference.** A final pre-trial conference will be held on June 13, 2019.

3. **Mediation Preferences/ADR (L.R. 26-1(c), L.R. 16-15.4).** The parties are open to considering future mediation with a Court Mediation Panel, with a preference for ADR Procedure No. 1 in Local Rule 16-15.4, appearance for ADR before a district or magistrate judge. At this time, however, the parties do not believe that mediation will be helpful in the resolution of this matter. The parties propose May 8, 2019 as a potential mediation or ADR date.

4. **Proposed Trial Schedule and Preferences.** The proposed trial start date is June 17, 2019, and the proposed length of the trial is no more than 1 week. Plaintiffs request a jury trial.

/
/
/
/
/
/
/
/
/
//

## IV. PROPOSED EXPERT DISCOVERY SCHEDULE

Deadlines for disclosures of the identities of expert witnesses that each party nay use at trial to present evidence and any written report from an expert witness required under Fed. R. Civ. Proc. 26(a)(2)(B) will be filed by February 26, 2019. Rebuttal expert witness reports will be filed by March 26, 2019.

Dated: April 12, 2018                    BENEDETTO LAW GROUP

                                   By    /s/James Benedetto_____

                                         JAMES BENEDETTO
                                         Attorney for Plaintiffs


Dated: April 12, 2018                    LAW OFFICE OF ZACHARY S. SCHUMACHER

                                   By:   /s/Zachary S. Schumacher_____

                                         Zachary S. Schumacher, Attorney for Defendant,
                                         Antonelli, Wozny, Plesha, & Campa, LLC